Dear Mr. Mullin:
On behalf of the Board of County Commissioners and the Clerk of Court of Nassau County, you have asked for my opinion on substantially the following questions:
1. May a noncharter county use its funds to pay the Florida Bar dues for the county judge and circuit judges?
2. May a noncharter county use its funds to pay the Florida Bar dues for the county attorney and/or assistant county attorneys?
You have asked whether a noncharter county, utilizing its home rule powers, is authorized to expend county funds to pay the Florida Bar dues of the County Attorney and Assistant County Attorneys and the County Judge and Circuit Judges.
County funds are subject to constitutional and statutory budgetary requirements and limitations.[1] In addition, Florida courts have recognized that the expenditure of public funds, regardless of their source, must satisfy a public purpose. If the county's taxing power or pledge of credit is involved, the expenditure must serve a paramount public purpose.[2] If, however, neither the taxing power nor a pledge of credit is involved, then it is enough to show only that a public purpose is served.[3]
As the Florida Supreme Court stated in State v. Housing Finance Authorityof Polk County:[4]
"Under the constitution of 1968, it is immaterial that the primary beneficiary of a project be a private party, if the public interest, even though indirect, is present and sufficiently strong. State v. Putnam CountyDevelopment Authority, 249 So.2d 6 (Fla. 1971). Of course, public bodies cannot appropriate public funds indiscriminately, or for the benefit of private parties, where there is not a reasonable and adequate public interest. An indirect public benefit may be adequate to support the public participation in a project which imposes no obligation on the public, and the qualification of the direct beneficiary complies with the principles of due process and equal protection."
Article VIII, section 1(f), Florida Constitution, provides in pertinent part that noncharter counties "shall have such power of self-government as is provided by general or special law." Implementing this constitutional provision, section 125.01(1), Florida Statutes, states that "[t]he legislative and governing body of a county shall have the power to carry on county government." The Florida Supreme Court in Speer v. Olson[5]
held that this provision of section 125.01(1) grants to the governing body of a county the full power to carry on county government unless the Legislature has preempted a particular subject relating to county government by either general or special law. The Court held that the governing body of the county, by reason of this first sentence of section125.01, has full authority to act through the exercise of its home rule powers.[6] Thus, a noncharter county exercising its home rule powers as provided in the Florida Constitution and the Florida Statutes, as construed by the Florida Supreme Court, may exercise such powers as it deems necessary to carry on county government, provided that the exercise of these powers has not been preempted to the state and does not conflict with state law or certain constitutional provisions.
With regard to statutory provisions regulating the payment of dues for professional or other organizational memberships, section 216.345, Florida Statutes, provides:
"(1) A state department, agency, bureau, commission, or other component of state government, or the judicial branch, upon approval by the head or the designated agent thereof, may utilize state funds for the purpose of paying dues for membership in a professional or other organization only when such membership is essential to the statutory duties and responsibilities of the state agency.
(2) Upon certification by a professional or other organization that it does not accept institutional memberships, the agency or branch may authorize the use of state funds for the payment of individual membership dues when such membership is essential to the statutory duties and responsibilities of the state agency or judicial branch by which the individual is employed. However, approval shall not be granted to pay membership dues for maintenance of an individual's professional or trade status in any association or organization, except in those instances where agency or branch membership is necessary and purchase of an individual membership is more economical.
(3) Each agency and the judicial branch shall promulgate specific criteria to be used to determine justification for payment of such membership dues.
(4) Payments for membership dues are exempt from the provisions of part I of chapter 287."
This section does not preempt local legislation on the issue of payment of association dues and, because this section is directed to state agencies, county legislation on this subject would not conflict with section 216.345, Florida Statutes.
Thus, it would appear that a noncharter county is authorized, by utilizing its home rule powers, to legislate on the issue of payment of Florida Bar dues for its officials and employees. However, this office has noted on a number of occasions that it is the responsibility of the county commission to make the appropriate findings that such an expenditure serves a public purpose and to appropriately budget the funds. For example, in Attorney General Opinion 83-05, this office concluded that under proper circumstances, and based upon appropriate legislative findings and pursuant to the exercise of the county's home rule powers, it was a matter of legislative judgment of the county commission whether to expend county funds for incentive awards for certain county employees in recognition of superior job-related achievements and to pay for retirement dinners or for coffee and refreshments for visitors. That opinion made it clear that it is the county commission that must make the appropriate legislative findings as to the purpose of the ordinance providing for such an incentive program and the benefits that would accrue to the county from such a program; such legislative functions and determinations cannot be delegated to the Attorney General, nor can the Attorney General undertake to make such legislative findings and determinations on behalf of the county.[7]
Moreover, I would note that the Florida Legislature has appropriated funds for several years to pay the Florida Bar dues of attorneys working in the Department of Legal Affairs and other state executive branch agencies. Thus, the Legislature has made a determination that payment of these association dues serves a state public purpose.
In sum, it is my opinion that a noncharter county is authorized, pursuant to its home rule powers, to expend county funds to pay the Florida Bar dues for county officers and employees if the county commission makes findings that such an expenditure serves a county purpose and appropriately budgets funds to make such payments.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See generally Ch. 129, Fla. Stat, relating to county budgets; Art.VIII, s. 1(b), Fla. Const., ("The care, custody and method of disbursing county funds shall be provided by general law."); and Art. VII, s. 10, Fla. Const, prohibiting the state and its subdivisions from using their taxing power or pledging public credit to aid a private person or entity.
[2] See Orange County Industrial Development Authority v. State,427 So.2d 174 (Fla. 1983).
[3] Linscott v. Orange County Industrial Development Authority,443 So.2d 97 (Fla. 1983).
[4] 376 So.2d 1158, 1160 (Fla. 1979).
[5] 367 So.2d 207, 211 (Fla. 1978).
[6] And see, s. 125.01(1)(w), Fla. Stat. (county commission may perform any other acts not inconsistent with law which are in the common interest of the people of the county and exercise all powers and privileges not specifically prohibited by law); and s. 125.01(3)(b), Fla. Stat. (provisions of section shall be liberally construed in order to effectively carry out purposes of section and secure for counties the broad exercise of home rule powers authorized by State Constitution.)
[7] And see Ops. Att'y Gen. Fla. 04-37 (2004), 88-52 (1988), and 84-49 (1984).